## STATE v. ED. GILMER.

*Evidence—Larceny—Judge's Charge.*

1. Where a defendant is introduced as a witness in his own behalf, his testimony is to be considered by the jury, and he has the right to have the jury instructed as to the effect of his evidence, if believed by them.
2. Where the evidence presents the case in two aspects, the trial Judge should charge the jury in both aspects of the case.
3. Where the defendant was indicted for larceny and evidence of his guilt was introduced by the State, and as a witness in his own behalf, he testified that the prosecutor was intoxicated, and at his request, he (the defendant) was taking care of property alleged to have been stolen; *It was held*, error in the trial Judge not to present the case to the jury in the aspect presented by the defendant's evidence.

(*Bailey* v. *Pool*, 13 Ired., 404; *State* v. *Cardwell*, Busb., 245; *State* v. *Dunlap*, 65 N. C., 288; *State* v. *Matthews*, 78 N. C., 523; *State* v. *Grady*, 83 N. C., 643; cited and approved).

INDICTMENT for larceny, tried before *Clark, Judge,* at June Term, 1886, of GUILFORD Superior Court.

The defendant is indicted for the larceny of goods, taken from the person of the prosecutor, one Sherwood.

There was evidence for the State, tending to prove the guilt of the defendant.

He was examined on the trial as a witness in his own behalf, and testified as follows: "That he took the walk at Sherwood's instance; that Sherwood was intoxicated, and threw away the articles except the hat, and that he gathered them up to preserve them for Sherwood, who sat down in the woods, where he was found by Reese; that Sherwood's hat dropped off, and Sherwood took defendant's hat, put it on, and leaned his head against a tree; that defendant placed the articles in Sherwood's hat, and insisted on returning,

which Sherwood refused to do; that defendant then, by agreement with Sherwood, returned to the saloon, at which place he was to wait for Sherwood; that shortly thereafter, while engaged in a game of "pool" at Jeffries', he was arrested by Reese."

The defendant's counsel asked the Court to instruct the jury, that if they believed his testimony, then he was not guilty. The Court "did not so instruct the jury, but told them that if Sherwood was so drunk that he did not know that the defendant took the goods; or that if defendant resorted to a trick to procure them, and if he took them feloniously, he was guilty of larceny."

There was a verdict of guilty, and judgment for the State, from which the defendant appealed to this Court.

*The Attorney-General,* for the State.
No counsel for the defendant.

MERRIMON, J., (after stating the facts). In our judgment, the defendant was entitled to the instruction prayed for by his counsel, or the substance of it. He was a competent witness in his own behalf, and he had the right to have his testimony go to the jury, and be considered by them like that of any other witness, and have them give it such weight as they might deem just. If his testimony was true, plainly he was not guilty, because, in that case, in no reasonable view of what he did, could it constitute the crime of larceny.

According to his account of what he did, he was walking in the woods with an intoxicated companion at the latter's request, and instead of stealing the property in question, he only sought to take care of it for the owner, who was not in a condition to take care of it himself. Truly such friendly acts, under such circumstances, could not be deemed larceny.

It may be, that his testimony was not true, but it was for

the jury to determine any question in that respect, and with-out prejudice.

The Court made no allusion in its charge to the testimony of the defendant, although expressly requested to do so. That it did not, tended to prejudice him before the jury, especially, as the charge directed their attention to the evidence of the State going to prove guilt.

Granting that the charge, so far as it went, was correct, the Court ought to have gone farther, and directed the attention of the jury to that view of the evidence favorable to the defendant, certainly as he asked it to do so.

When on the trial, the evidence is conflicting and presents the case in two or more distinct aspects, one or more of them favorable to one side, and one or more favorable to the other, the Court, in applying the law, should direct the attention of the jury to such various aspects, more especially when called upon to do so. It might—oftentimes would—greatly and unjustly prejudice a party, if this were not done. It would be worse, if the Court should direct the attention of the jury to the view favorable to one side, and not to that favorable to the other. *Bailey* v. *Pool,* 13 Ired., 404; *State* v. *Cardwell,* Bus., 245; *State* v. *Dunlap,* 65 N. C., 288; *State* v. *Matthews,* 78 N. C., 523; *State* v. *Grady,* 83 N. C., 643.

There is error. The defendant is entitled to another trial. To that end, let this opinion be certified to the Superior Court. It is so ordered.

Error.                                              Reversed.