## L. I. Aaron Co. v. Charles L. Hirschfeld, Adm.

1. Instructions—*Summarizing the Evidence and Assuming the Existence of Matters in Dispute.*—It is always hazardous and usually erroneous for the court by an instruction to summarize the evidence favorable to only one side of the case, and where the instruction amounts to telling the jury that disputed and material facts exist, or assumes the existence of other disputed facts, a verdict favorable to the side responsible for the instruction will always be set aside.

**Action in case,** for personal injuries. Error to the Circuit Court of Cook County; the Hon. Charles G. Neely, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded. Opinion filed May 15, 1900.

William M. Johnson, attorney for plaintiff in error.

James Frake, attorney for defendant in error; Loren H. Knox, of counsel.

Mr. Justice Shepard delivered the opinion of the court.

It is unnecessary to make a statement of the facts and circumstances of this case. One of the instructions to the jury, given at the request of the defendant in error, rehearses, in substance, everything that the evidence tended to show in support of the declaration, and because that instruction should be made to appear, it would be a waste of space to make any other statement. That instruction is as follows:

"The jury are instructed that if they believe from the evidence that the defendant on, to-wit, the 24th day of August, 1895, and previous thereto, was the owner of a certain malt-house, and was erecting an addition to the boiler-room connected with said malt-house, and that a carpenter, a servant of the defendant, but not a fellow-servant with the said Fred Gruning, was engaged in putting on the roof joists on the addition to said boiler-room, and if they further believe from the evidence that the said defendant had, to-wit, about three weeks previous thereto, hired the said Fred Gruning, the decedent, as a common laborer,

to do labor in and about the said malt-house, and if they further believe from the evidence that the said Fred Gruning was a common laborer and not a carpenter, and unversed and inexperienced in carpenter work, and if they further believe from the evidence that the said defendant by its agent or agents directed the said Fred Gruning to ascend to the roof of that portion of the engine-room which had a roof on, and assist the said carpenter in putting on the roof joists on said addition, and if they further believe from the evidence that when the said Fred Gruning arrived on the said roof, while in the exercise of all due care and diligence for his own safety, he started to go to the outer end of said addition, in order to assist the said carpenter in placing said joists in position, and that the said defendant carelessly and negligently failed and omitted to cause the said Fred Gruning to be informed and instructed, as it was the duty of said defendant to do, how to reach the outer end of said addition in safety, and if they further believe from the evidence that when the said Fred Gruning arrived on said roof of said engine-room, there were three or four joists already in position upon the roof of said addition; that these joists were in an upright position, but that the said carpenter, the servant of said defendant, who was not a fellow-servant of the said Fred Gruning, had negligently and carelessly failed and omitted to fasten and secure the said joists; that the defendant by its said servant, the carpenter, then and there had notice of the insecure condition of said joists, which condition the said Fred Gruning had no opportunity of knowing or learning, and that the said Fred Gruning, while using all due care for his own safety, took hold of one or more of the said joists thus placed on edge, for the purpose of lowering himself to a certain bricklayer's scaffold, about five feet below said joists, for the purpose of walking upon the same to the outer end of said addition, and while so doing, one of said joists, which, unknown to the said Fred Gruning, had been negligently and carelessly left unfastened as aforesaid, tipped over, and caused the accident alleged in said declaration, from which the said Fred Gruning died, the jury must find the defendant guilty."

The effect of the instruction in many of its parts is to state to the jury the existence of several essential facts, which it was their province and not that of the judge to determine, from the evidence, whether established or not,

and it is bad in other respects. We need not point out its numerous defects; they are apparent to every reader of it.

It is always hazardous, and usually erroneous, for the court, by an instruction, to summarize the evidence favorable to only one side of the case. Evans v. George, 80 Ill. 51; Sanders v. People, 124 Ill. 218. And where such instruction, in some of its paragraphs, amounts to telling the jury that disputed and material facts exist, or assumes the existence of other disputed facts, a verdict favorable to the side responsible for the instruction will always be set aside.

Other of the plaintiff's instructions were bad also, notably one (not numbered) that told the jury that it is the duty of an employer to furnish his employes with "a safe place to work and safe surroundings and appliances." This was equivalent to saying that an employer is an insurer of the safety of his employes, whereas the limit of his duty is to use reasonable care in such respects.

We might point out technical errors, at least, in other instructions, but doing so would involve comparison with all the rest to determine whether or not the defects were remedied by a consideration of them, as a whole, a labor we will forego in the expectation that upon another trial they will be avoided in the light of the discussion to which they have been subjected in the briefs filed. The case is a close one upon the merits, and in order that a verdict may stand the law should be carefully observed in the matter of instructions.

For errors in the instructions the judgment must be reversed and the cause remanded, and it is so ordered. *Reversed and remanded.*