(89 South. 833)

## KARACKALAS v. STATE. (1 Div. 400.)

(Court of Appeals of Alabama. June 14, 1921.)

**1. Receiving stolen goods ⬳1—Elements of offense stated.**

The constituent elements of the offense of buying, receiving, or concealing stolen property, etc., are that the goods in question have been feloniously taken and carried away, as charged, by some one, that defendant received, concealed, or aided in concealing, them, knowing at the time that they were stolen, and that he did so without intent to restore them to their owner.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Receiving Stolen Goods.]

**2. Receiving stolen goods ⬳9(1) — Guilty knowledge is for jury when there is any evidence from which it can be inferred.**

While to sustain a conviction of receiving stolen goods knowledge on defendant's part that they were in fact stolen goods, is necessary, if there is any evidence of this fact, or any evidence from which it can be inferred, it is sufficient to go to the jury for their consideration in determining defendant's guilty knowledge.

**3. Receiving stolen goods ⊂⇒8(4)—Evidence held insufficient to show guilty knowledge.**

Evidence on a trial for receiving stolen cigars, delivered to defendant by the owner's delivery driver ostensibly as a present from another employee of the owner, *held* insufficient to show that defendant had knowledge that the cigars had been stolen.

**4. Witnesses ⊂⇒277(5)—Cross-examination of defendant as to arrest at the same time others were arrested held improperly permitted.**

On a criminal trial, a question asked defendant, a Greek, on cross-examination, whether he was not arrested "at the time they had those other Greeks over there," was irrelevant and immaterial.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Chris Karackalas was convicted of receiving stolen property, and he appealed. Reversed and remanded.

Brooks & McMillan, of Mobile, for appellant.

The evidence failed to support the verdict, and motion for new trial should have been granted. Acts 1915, p. 722; 16 Ala. App. 401, 78 South. 317; 203 Ala. 412, 84 South. 272. The court erred in refusing the affirmative charge. 204 Ala. 393, 86 South. 89; 84 South. 396. The court erred in the admission of evidence. 195 Ala. 569, 71 South. 93; 171 Ala. 19, 55 South. 159; 131 Ala. 26, 31 South. 722.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J.  This defendant was convicted for the offense of buying, receiving, or concealing stolen property knowing that it was stolen and not having the intent to restore it to the owner. The property in question was alleged to be two boxes of cigars belonging to the Ogburn-Griffin Grocery Company, a corporation.* The value of the property was $6, and the offense as charged was a misdemeanor.

[1] The constituent elements of an offense of this character seems to be well stated in the case of Jordan v. State, 17 Ala. App. 575, 87 South. 433, and is as follows:

"In order to sustain a charge of buying, receiving, concealing, or aiding in the concealment of stolen property, knowing that it was stolen, and not having the intent to restore the same to the owner, etc., it is necessary to show by the evidence, beyond a reasonable doubt and to a moral certainty: (1) That the goods in question had been feloniously taken and carried away, as charged in the indictment, by some one; (2) that the defendant bought, received, concealed, or aided in concealing these goods, knowing at the time that they were stolen; and (3) that he so bought, re-ceived, concealed, or aided in concealing these goods knowing that they were stolen, and not having the intent to restore same to the owner."

In the instant case the state relied for a conviction upon the unsupported testimony of its witness Clarence Leland, who in substance testified that—

"He was in the employ of the Ogburn-Griffin Grocery Company as a driver of a delivery wagon for said firm. That he hauled two boxes of cigars, containing 50 cigars to the box, to defendant, and delivered them to him, stating, 'Here is something that McCants sent you,' and he [the defendant] took them, and he did not pay me any money for them."

Without objection this witness was permitted to testify that—

"McCants, who used to be a colored porter for the Ogburn-Griffin Grocery Company, told me to take these cigars there."

[2] There was no other evidence offered upon the trial of this case as to the alleged manner in which the defendant gained possession of the cigars, or as to any knowledge upon the part of the defendant concerning them; and, while the defendant strenuously denied that the witness had ever left any cigars with him, he insists that, even if the facts in this connection testified to by Leland were true, this testimony was insufficient and failed to make out subdivision (2) above quoted "that the defendant bought, received, concealed, etc., the cigars in question knowing at the time that they were stolen." As held in the Jordan Case, supra, the knowledge on the part of the defendant that the goods were in fact stolen goods is a prerequisite and is necessary in order to sustain a conviction under this charge; but it necessarily follows that this prerequisite would oftentimes prove difficult to be the subject of direct proof, and therefore, if there is any evidence of this fact, or any evidence from which it can be inferred, it is sufficient to go to the jury for their consideration in determining the guilty knowledge upon the part of the defendant.

[3] We are of the opinion that the evidence in this case falls far short of the required rule, and that there was no testimony showing, or tending to show, any knowledge upon the part of the defendant that the cigars in question were stolen, nor was there any evidence from which this inference could be drawn. There is a total lack of evidence the tendency of which would show that defendant had any knowledge that the cigars in question had been stolen from the Ogburn-Griffin Grocery Company or from any one else, and, as before stated in the absence of some testimony to this end, the case was not made out under the required rule.

[4] We think there is also merit in the contention of the defendant that the court

erred in overruling defendant's objection to the question propounded by the state to defendant when testifying as a witness in his own behalf, to wit, "They arrested you at the time they had those other Greeks over there?" to which question the defendant was forced to reply, and did reply, "They had some more Greeks all right." This defendant is shown to have been a Greek, and the evidence thus brought out was patently irrelevant and immaterial to any issue involved upon this trial and was calculated to seriously and injuriously affect the substantial rights of this defendant before the jury, and the timely objection of the defendant should have been sustained, as the guilt or innocence of this defendant under this charge could in no wise be dependent upon the fact that other Greeks, not connected in any manner with this case, were also under arrest, and that the defendant, a Greek, had been arrested at the time they had those other Greeks at the police station.

Under the facts of this case as disclosed by the record we are of the opinion that the court erred in not granting the defendant's motion for a new trial, to which action of the court the defendant duly excepted.

For the errors indicated, the judgment of the lower court is reversed and the cause remanded.

Reversed and remanded.

---

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes