## LATIKOS v. STATE.	(1 Div. 485.)

(Court of Appeals of Alabama.	May 8, 1923.)

1. Criminal law ⬦⬦561(2)—Necessary showing to sustain charge of receiving stolen goods.

To sustain a charge of buying, receiving, or concealing stolen property, it must be shown beyond a reasonable doubt and to a moral certainty that the property had been stolen, that defendant knew this, and, notwithstanding such knowledge, committed one of the acts charged, and this without intention to restore the property to the owner.

2. Criminal law ⬦⬦308—Presumption of innocence remains till guilt is shown beyond reasonable doubt.

The presumption of innocence is an evidentiary fact, and remains with accused till his guilt is shown by the testimony beyond a reasonable doubt.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Mitchell Latikos was convicted of receiving, etc., stolen property, and he appeals. Reversed and remanded.

Brooks & McMillan, of Mobile, for appellant.

In a prosecution for receiving stolen property, the state must show beyond a reasonable doubt, by legal evidence, that the defendant actually knew the goods were stolen. Karackalas v. State, 18 Ala. App. 181, 89 South. 833; Canellos v. State, 17 Ala. App. 278, 84 South. 396.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. Under the law as announced in Jordan v. State, 17 Ala. App. 575, 87 South. 433, and Karackalas v. State, 18 Ala. App. 181, 89 South. 833, it is difficult to

understand how a conviction of this defendant was had upon the evidence as shown by the record. He was charged by complaint with the offense of buying, receiving, or concealing stolen property, the complaint alleging that within the limits of the city of Mobile, in Mobile county, Ala., he did buy, receive, conceal, or aid in concealing two boxes of cigars of the value of six dollars, the personal property of the Ogburn-Griffin Grocery Company, a corporation, knowing that it was stolen, and not having the intent to restore it to the owner, etc.

[1] As stated in the Jordan Case, supra, in order to sustain a charge of this character, it is necessary to show by the evidence, beyond a reasonable doubt and to a moral certainty that the property in question had been stolen; that the defendant knew this fact and that he bought, received, or concealed, or aided in so doing, said property; and that, notwithstanding his knowledge of the fact that it was stolen, he committed one or all of said acts relative to the property in question, and did so without the intention to restore same to the owner.

[2] As in all criminal cases the defendant here is presumed to have been innocent; this presumption is an evidentiary fact and remains with the accused until his guilt is shown by the testimony beyond a reasonable doubt. After a careful reading of the testimony, we are of the opinion that the state has failed to meet the burden of proof necessary to sustain a conviction. This case is in many respects very similar to the case of Karackalas v. State, 18 Ala. App. 181, 89 South. 833, and what was said in that case, as to the facts, is peculiarly applicable to the case at bar. The defendant was entitled to the affirmative charge for the reasons stated; its refusal was error. Other questions insisted upon need not be considered.

Reversed and remanded.