(109 So. 125)

### GLOVER v. STATE. (4 Div. 143.)

(Court of Appeals of Alabama. June 8, 1926.)

1. Criminal law ⬅878(3).

Verdict of guilty under count which charged receiving stolen property operates as acquittal of larceny count.

2. Criminal law ⬅1167(2).

Rulings on count under which accused was acquitted need not be considered on appeal from conviction under another count.

3. Receiving stolen goods ⬅7(6).

Where indictment charged receiving four stolen sacks of sugar, admission of testimony of owner that he had missed large number of sacks of sugar besides those involved *held* reversible error.

4. Witnesses ⬅37(1).

In prosecution for receiving stolen property, testimony of owner as to property missed, based entirely on invoices and memoranda of the correctness of which he had no knowledge, *held* incompetent.

5. Receiving stolen goods ⬅1—State must show beyond reasonable doubt that goods had been stolen and that accused received, concealed, or aided in concealing same, knowing them to have been stolen and without intent to return to owner.

To sustain charge of buying, receiving, concealing, or aiding in the concealment of stolen property, knowing same to have been stolen without intent to restore it to owner, state must show beyond all reasonable doubt that

goods had been feloniously taken and carried away by some one - as charged in indictment, and that defendant bought, received, concealed, or aided in concealing goods, knowing same to have been stolen and without intent to restore them to owner.

**6. Receiving stolen goods ⬅︎8(4).**

That agent or employee with authority to sell appropriated proceeds to his own use is not sufficient to convict purchaser of receiving stolen property.

**7. Criminal law ⬅︎338(4, 5).**

Conversation between owner of stolen goods and his employees in absence of one accused of receiving them could not be binding upon him, and was therefore inadmissible.

**8. Receiving stolen goods ⬅︎8(4).**

In prosecution for receiving stolen property, evidence *held* insufficient to support inference that accused received it knowing it to have been stolen.

**9. Criminal law ⬅︎815(9), 828—Charge permitting finding of guilt of receiving stolen property if accused bought and received goods specified in indictment or property at rear door of owner's establishment held erroneous, as without reference to facts and as charge on effect of evidence not requested in writing (Code 1923, § 9507).**

In prosecution for receiving stolen property, charge permitting finding of guilt simply because defendant bought or received goods specified or property at rear door of owner's establishment *held* erroneous because without reference to attending facts and circumstances, or whether property was stolen or not or accused had knowledge thereof, and also because it was charge upon effect of testimony not requested in writing under Code 1923, § 9507.

**10. Criminal law ⬅︎770(1), 777½—Court must instruct on law applicable to all theories presented by testimony, and, if it recapitulates evidence, must give both sides without its view.**

In charging jury, court must give law applicable to all theories presented by testimony, and if he recapitulates evidence on one side, he must also do so on other side without indicating his own view of testimony.

**11. Criminal law ⬅︎369(1).**

Evidence of other offenses than that specifically charged is prima facie inadmissible.

**12. Criminal law ⬅︎369(9).**

Under indictment charging receipt of four sacks of stolen sugar, admission of evidence of other transactions in sugar between accused and owner's agents *held* improper, so far as tending to show offenses other than that charged.

**13. Criminal law ⬅︎370.**

Evidence of other offense than that specifically charged may be admitted when necessary to prove scienter or guilty knowledge as element of offense charged.

**14. Criminal law ⬅︎772(4).**

Refusal of charge that, to convict of receiving stolen property, receiver must have had property in possession within county or within quarter mile from line *held* error.

**15. Criminal law ⬅︎335.**

Burden is upon state to show venue.

**16. Receiving stolen goods ⬅︎9(1).**

In prosecution for receiving stolen property, accused is entitled to affirmative charge in absence of sufficient evidence to prove corpus delicti.

Appeal from Circuit Court, Russell County; J. S. Williams, Judge.

James Glover was convicted of receiving stolen property, and he appeals. Reversed and remanded.

Charge 5, refused to defendant, is as follows:

"The court charges the jury that before they can convict the defendant under count 1 of the indictment, they must believe from the evidence, beyond a reasonable doubt, that the sugar mentioned in the indictment was in possession of the defendant in Russell county, Ala., or within one-quarter of a mile of the county line between Russell county and Lee county, and if, after a consideration of all the evidence, the jury is not convinced beyond a reasonable doubt that the sugar mentioned in the indictment was in the possession of the defendant either in Russell county, Ala., or within one-quarter of a mile of the county line between Russell county and Lee county, then the jury cannot convict the defendant."

Frank M. de Graffenried, of Seale, for appellant.

Harwell G. Davis, Atty. Gen., for the State.

No briefs reached the Reporter.

BRICKEN, P. J. The first count of the indictment charged this appellant, defendant in the court below, with the offense of receiving, etc., stolen property. The specific charge in count 1 was that he did buy, receive, conceal, or aid in concealing four sacks of sugar of the value of $36, the personal property of S. M. Kaufman, knowing that it was stolen and not having the intent to restore it to the owner. The second count charged the larceny, by defendant, of the four sacks of sugar in question.

[1, 2] There was a verdict by the jury of guilty under count 1 of the indictment, the "receiving" count. This verdict operated as an acquittal of the defendant of the charge contained in count 2 of the indictment, the larceny count. The rulings of the court relating to count 2 only need not be considered here, the defendant, as stated, having been acquitted by the jury of the charge contained in that count.

[3, 4] The inquiry under the allegations of this indictment, and the issue involved, was, had there been four sacks of sugar, of the value of $36, stolen from S. M. Kaufman, and

did this defendant, within the time and place covered by the indictment, buy, receive, conceal, or aid in concealing said four sacks of sugar, knowing that it was stolen, and not having the intent to restore it to the owner? Notwithstanding this patent and elementary proposition, the court, over the timely objections, motions to exclude, and exceptions of defendant, allowed the state to prove by its witness, S. M. Kaufman, that the firm of Kaufman Bros., of which he was a member, missed 621 sacks of sugar during the year 1923. This inquiry should not have been allowed; it was highly prejudicial to the substantial rights of the defendant, and in these rulings the court committed error to a reversal, especially in view of the further testimony of this witness. Moreover, the testimony of the witness, S. M. Kaufman, was clearly shown to have been predicated upon facts not within the personal knowledge of the witness, but was based upon invoices and other memoranda the correctness of which the witness admitted he knew nothing of. He expressly stated that he had no personal knowledge of this matter. For this reason also his testimony on this question should not have been allowed.

The undisputed evidence in this case shows that there were numerous sugar transactions between this defendant and Kaufman Bros. Some of such transactions were admittedly made in due course of trade by legitimate purchase thereof and payment therefor. The accused strenuously insisted, and so testified, that all of such transactions were in due course of trade; that he regularly purchased and paid for every sack of sugar he received from said firm; that most of the purchases were made by him from one Baggett, who the testimony shows without dispute was in charge of the business of Kaufman Bros. as manager or superintendent. He testified also that every purchase of sugar he made with said firm was open and aboveboard, in the daytime, and free from all surreptitious or suspicious surroundings or circumstances. And he expressly testified that if the sugar he purchased from Superintendent Baggett was stolen by Baggett from his employers, that he, the accused, knew nothing in the world about it, and that there was nothing in any of the transactions to put him upon notice, or from which he could infer that such sugar was stolen. This portion of defendant's evidence is without dispute or conflict.

[5] In the case of Jordan v. State, 17 Ala. App. 575, 87 So. 433, this court stated the correct rule in cases of this character. The court said:

"In order to sustain a charge of buying, receiving, concealing, or aiding in the concealment of stolen property, knowing that it was stolen, and not having the intent to restore the same to the owner, etc., it is necessary to show by the evidence, beyond a reasonable doubt and to a moral certainty: (1) That the goods in question had been feloniously taken and carried away, as charged in the indictment, by some one; (2) that the defendant bought, received, concealed, or aided in concealing these goods, knowing at the time that they were stolen; and (3) that he so bought, received, concealed, or aided in concealing these goods knowing that they were stolen, and not having the intent to restore same to the owner. James v. State, 15 Ala. App. 569, 74 So. 395; Jeffries v. State, 7 Ala. App. 144, 62 So. 270; Thomas v. State, 109 Ala. 25, 19 So. 403; Sanders v. State, 167 Ala. 85, 52 So. 417, 28 L. R. A. (N. S.) 536; Aline Clisby v. State [17 Ala. App.] ante, p. 475, 86 So. 140."

[6] As stated, the evidence in this case affirmatively disclosed, without conflict or dispute, that Mr. Baggett was in the employ of Kaufman Bros., of which firm the alleged injured party, S. M. Kaufman, was a member; and that he, Baggett, was the manager and superintendent of said firm. There was some evidence that he had the right to sell and did sell sugar for the firm. Under this phase of the evidence does it affirmatively appear that there had been a larceny of the sugar in question? "That the goods in question had been feloniously taken and carried away?" If Baggett as manager and superintendent of Kaufman Bros., had the right and authority to sell the sugar in question, and did so sell it the fact that he retained the money resulting from said sales for his own use, or embezzled said money, would not be sufficient upon which to predicate a conviction in this case, for under such conditions the corpus delicti would not be proven. If the corpus delicti was not proven, the accused should have been acquitted. Sanders v. State, 167 Ala. 85, 52 So. 417, 28 L. R. A. (N. S.) 536. There can of course be no receiving of stolen property unless the property in question is first stolen. And on this question, as upon all other material questions involved in a criminal prosecution, if there was evidence adduced upon the trial, after a consideration of all the evidence, sufficient to create or establish a reasonable doubt in this connection, the accused would be entitled thereto and to an acquittal.

In line with the insistence of defendant that the transactions he had with Baggett were open and aboveboard and without effort or attempt at concealment, and were therefore in due course of trade, there was evidence that several of the employees of Kaufman Bros. were directed, during business hours, to take and deliver the sugar in question to defendant, and these orders were given in the presence of numerous other employees of said firm. On these questions there is no dispute in the evidence, and this testimony was given by the other employees of Kaufman Bros. In addition to this, the evidence disclosed without dispute that Glover, the defendant, was a merchant doing a general mercantile business in a store situated on the

public road in Lee county, Ala., and about 2½ miles from Kaufman Bros.' place of business in Russell county. The evidence discloses that Glover maintained his store in a proper manner, with his doors open and that his place of business was a reputable one.

[7, 8] The conversation had between witness, Sam Kaufman, and Baggett and the alleged instructions given by Kaufman to Baggett in the absence of the accused, and not in his presence or hearing, was not binding upon the defendant; it was res inter alias acta, and therefore inadmissible. The court committed error in its rulings in allowing in evidence such conversation over the objection, motion to exclude, and exception of defendant. We have been unable to find any evidence in this record from which it may be fairly inferred that James Glover, the defendant, had knowledge that the sugar he was buying from Baggett, and from other employees of Kaufman Bros., was stolen.

The witnesses that testified in behalf of the state all testified that their acts and transactions in this connection were open and in the clear, and that they were acting bona fide. This being true, we find no testimony in this case showing that the defendant knew that the sugar in question was stolen. He, as stated, emphatically denied all knowledge of this fact. He made no effort to conceal it; he sold it openly in the market to his trade. The acts of the various employees of Kaufman Bros. at the factory were certainly incompetent testimony against the defendant, unless he was a party to a conspiracy, and this the evidence failed to show. Jordan v. State, supra; Latikes v. State, 19 Ala. App. 214, 96 So. 377; Karackalas v. State, 18 Ala. App. 181, 89 So. 833.

[9] The court in its oral charge stated to the jury:

"There is a part of the testimony, according to my recollection, or rather as the state insists, which would tend to show, if believed by the jury, that the defendant received certain sugar or property at the back of Kaufman Bros.' factory, admittedly located within this county. Now, if you believe that, beyond a reasonable doubt, if you believe that he bought or that he received or that he concealed or aided in concealing that property, having received it, or bought it at the rear door of Kaufman Bros.' establishment, admittedly located within the county of Russell, then, believing that beyond a reasonable doubt, you could find the defendant guilty as he is charged in count 1."

The defendant interposed his timely objection to the foregoing excerpt of the court's oral charge. The court overruled the defendant's objection, and to this action of the court the defendant excepted. We have examined this record with minute care. There is no testimony, adduced from any witness, or otherwise, that the defendant received certain sugar or property at the back of Kaufman Bros.' factory. In this aspect of the evidence we hold that in said portion of the court's oral charge the trial court committed error. Moreover, the term, "or property," used by the court in this case, was inapt and wholly out of place and not involved upon this trial. The indictment does not, and could not, contain the averment "or property," and the offense charged in the indictment is as to four sacks of sugar, that alone; but under this charge of the court the jury was instructed to "convict him under count 1 if they believed beyond a reasonable doubt that the defendant received certain sugar or property at the back of Kaufman Bros.' factory, admittedly located in this county." The court said:

"Now if you believe that, beyond a reasonable doubt, if you believe that he bought or that he received or that he aided in concealing that property (sugar or property), having received it, or bought it at the rear door of Kaufman Bros.' establishment, you could find the defendant guilty as he is charged in count 1."

This charge pretermits entirely the question of whether or not the sugar, or property, was stolen sugar or stolen property. It pretermits also that such fact, if fact it be, was known to defendant. It was also a charge upon the effect of the testimony, and, not having been requested so to charge in writing, this also was error. Code 1923, § 9507. Under this charge the jury would have been authorized in finding the defendant guilty under count 1 simply because the defendant bought or received, etc., the sugar or property at the rear door of Kaufman Bros.' establishment, without reference to attending facts and circumstances, or whether the sugar or property was stolen or not, or whether or not the accused had any knowledge to this effect—this in the face of the elementary proposition that the guilty knowledge of the accused is the material element of the offense. The charge also pretermitted another essential ingredient of the offense, a material averment in the indictment, viz., "and not having the intent to restore it to the owner."

[10] In charging the jury, it is the duty of the judge to give the law applicable to all theories presented by the testimony, and, if he recapitulates the evidence on one side, to recapitulate it also on the other side, and not to indicate, by the matter or manner of the charge, what his own views are as to the effect of the testimony. Andrews v. State, 159 Ala. 14, 28, 48 So. 858; 1 Blashfield on Instructions to Juries, p. 139, § 56; 12 Cyc. 612, 613; Banks v. State, 89 Ga. 75, 14 S. E. 927; State v. Gilmer, 97 N. C. 429, 1 S. E. 491; Aaron Co. v. Hirschfeld, 89 Ill. App. 205; Wright et al. v. Central R. R. & B. Co., 16 Ga. 38; State v. Moses, 13 N. C. 452; Smith v. State, 68 Ala. 425, 432. It appears that the oral charge in this case was liable to the objection that it summed up the evidence on one side and not on the other.

[11-13] The evidence in this case discloses

that there were innumerable transactions relative to the obtaining of sugar by this defendant from Kaufman Bros. through their employees during the year 1923. But it is difficult to ascertain from this record which transaction between these parties the state complained of, and upon what transaction a conviction was demanded. The indictment charged that he bought, etc., four sacks of sugar. There is not a single transaction testified to by any witness upon this trial which involves four sacks of sugar, and there is no evidence in this record by which the act complained of may be identified. Each transaction, purchase or what not, was a separate and distinct transaction. Some of these transactions were, without dispute, admitted to be regular and in due course of trade. If any one or more of such transactions was unlawful, it or they constituted separate and distinct offenses; and in criminal prosecutions it is an elementary principle that evidence of a distinct, substantive offense is not to be received in support of another offense, nor, in the application of the rule, is it material that the offenses are similar in character. The justness and reason of the rule is apparent, and a strict adherence to it is necessary to prevent criminal prosecutions from becoming instruments of oppression and injustice. No man shall be twice put in jeopardy for the same offense, and of the nature and cause of the accusation made against him he shall be fully informed before he is called to trial is the paramount law of the land. Than that accusation, he cannot be supposed to stand prepared to answer. This rule has, however, its exceptions, and while evidence of any other offense than that specially charged is prima facie inadmissible, such evidence will be received, when necessary to prove the scienter or guilty knowledge, which is an element of the offense charged. Gassenheimer v. State, 52 Ala. 313; Dennison v. State, 17 Ala. App. 674, 88 So. 211. There are other exceptions to the above rule, not necessary here to discuss.

[14, 15] The question of venue was involved upon the trial of this case, and there was evidence on this question which tended to sustain each insistence in this connection. This of course presented a jury question. In order that the jury should be properly instructed by the court on the question of venue the defendant requested written charge 5, and the court refused to give said charge. This was also error. The charge should have been given. It correctly stated the law applicable to the facts of this case. The burden was on the state to show venue, which said charge correctly asserts, and this matter was brought directly to the attention of the court.

[16] Eliminating the testimony of S. M. Kaufman, hereinabove referred to, relating to the corpus delicti, and this testimony as given was not competent, there is no evidence in this case of the corpus delicti. In the absence of sufficient evidence to prove the corpus delicti, the defendant would be entitled to the general affirmative charge. Sanders v. State, supra.

For the numerous errors indicated, the judgment of conviction appealed from is reversed and the cause remanded.

Reversed and remanded.