(111 So. 314)

### DAVIS v. STATE. (4 Div. 255.)

(Court of Appeals of Alabama. Jan. 11, 1927.)

1. Intoxicating liquors ⬤ 238(1)—Possession of prohibited liquors held for jury.

Defendant's guilt of possessing prohibited liquors *held* for jury, on conflicting evidence.

2. Witnesses ⬤ 337(6)—Permitting cross-examination of defendant as to prior arrests for violating Prohibition Law held error.

In trial for possessing prohibited liquors, permitting cross-examination of defendant as to whether he had been arrested several times before for violating Prohibition Law (Code 1923, §§ 4615–4800) *held* reversible error.

3. Criminal law ⬤ 1153(4)—Trial court's discretion as to latitude of cross-examination is revisable for abuse and wrongful invasion of defendant's substantial rights.

While great latitude is allowed on cross-examination and trial court is invested with much discretion, such discretion is subject to revision and should be revised where abuse is apparent and defendant's substantial rights have been erroneously and wrongfully invaded.

4. Witnesses ⬤ 337(5)—Whether accused had been arrested on similar charges before is not proper inquiry, though former conviction may be shown.

A former conviction of defendant on a similar charge may be shown under relevant conditions, but whether he had been arrested on former occasions is not a proper inquiry.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Wiley Davis was convicted of possessing prohibited liquor, and he appeals. Reversed and remanded.

C. O. Stokes and Sollie & Sollie, all of Ozark, for appellant.

The testimony elicited on cross-examination of defendant as to prior arrest and conviction was highly prejudicial to defendant's rights, and the action of the court in overruling defendant's objection and motion to exclude constitutes reversible error. Mathews v. State, ante, p. 173, 106 So. 206: Lyles v. State, 18 Ala. App. 62, 88 So. 375: Bertalsen v. State, 20 Ala. App. 539, 103 So. 480; Finderson v. State, ante, p. 109, 105 So. 399; Lakey v. State, 206 Ala. 180, 89 So. 605.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

There was no error in rulings on admission of evidence. Brown v. State, 206 Ala. 546, 90 So. 278. The court orally charged the jury that they were not to consider former convictions as evidence of the offense charged. Objections to this line of testimony were therefore without merit.

BRICKEN, P. J. Appellant, defendant in the court below, was convicted of violating the state prohibition law (Code 1923, §§ 4615–4800) by having whisky in his possession. From the judgment of conviction, he appealed.

Appellant presents numerous questions for the consideration of this court, many of which need no discussion. It is insisted that the circuit court acquired no jurisdiction of this case and that the judgment therein rendered is void. We accord no merit to the several insistences in this connection. It appears from the record that the governing statutes have been substantially complied with, and that jurisdiction of the subject-matter and of the person sufficiently appears.

[1] The defendant was charged with the offense of violating the state prohibition law by having prohibited liquors in his possession within the time and place covered by the accusation or complaint. On the question of the guilt or innocence of the defendant, the evidence was in sharp conflict and presented a question for the jury.

[2] For the following rulings of the court the judgment of conviction must be reversed and the cause remanded, as it was error for the court to permit the solicitor, on cross-examination of defendant and over his objection and exception, to propound to the witness the following questions:

---

⬤ For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 635.

"I'll ask you this: If you haven't been arrested for violating the prohibition law at a different time, you and your son both, at a different time from when you were convicted, and you had him plead guilty at another time?" Also, "And this is the third or fourth time you've been arrested for it?"

It was likewise error to require the witness to make answer to these questions.

[3, 4] The rules of practice and also the policy of the law allow great latitude on cross-examination, and the trial court is invested with much discretion, but such discretion it not an unbridled one, and is therefore subject to revision, and should be revised where abuse thereof is apparent and the substantial rights of the defendant have been erroneously and wrongfully invaded. The mere fact that an accused had been arrested on several former occasions upon a similar charge is not a proper inquiry. Karackalas v. State, 18 Ala. App. 181, 89 So. 833. A former conviction may be shown under relevant conditions, but the mere arrest of a man, without more, sheds no light upon his guilt or innocence on the trial of a case, nor should it be allowed or considered in order to militate against the weight of his evidence or credibility as a witness. That such inquiry before the jury was hurtful cannot be doubted, and, being erroneous, the judgment of conviction cannot stand.

As this case must be reversed for the reasons stated, there is no need to write to the numerous other questions involved.

Reversed and remanded.