119 So.2d 344

Alexander WHITE

v.

STATE.

6 Div. 726.

Court of Appeals of Alabama.

April 5, 1960.

Cooper, Mitch, Black & Crawford, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment, in three counts, charged the violation of Section 123, Title 14, Code 1940. The trial resulted in defendant's conviction and he appeals.

According to state's witnesses Hulon Bibby, Gilbert W. Anderson, Jr., and Hershell Garrard, the defendant at about 9:15 on the night of November 17, 1958, threw an explosive from an automobile driven by one John Richardson. The resulting explosion caused a hole in the ground about 8 inches deep and twelve inches in diameter, some ten feet from Hulon Bibby's home, which was occupied at the time by Bibby and his family.

The testimony discloses that a labor dispute was in progress at the Perfection Mattress Company. Bibby, Anderson and Garrard, employees of the company, were working during the strike. Alexander White and John Richardson were striking employees.

The defendant testified as a witness in his own behalf. On his cross-examination he was asked:

"Q. Now, had the picketing, down at the plant, all been peaceful picketing?"

Defense counsel objected. The court asked whether the purpose of the question was to show bias or prejudice. The solicitor answered that it was. The Court first overruled the objection, then reconsidered its ruling and sustained the objection. The solicitor then announced:

"On the theory of motive, Judge, is what I was pursuing it on."

The question was rephrased, as follows:

"Q. Had there been, before the 17th day of November, violence in connection with the picketing of Perfection Mattress Company?"

Objection was again interposed, and the court said:

"I sustain, Mr. Watson, in that form."

The following questions, to which no further objection was made, and the answers thereto, appear in the record:

"Q. Had you thrown rocks at a group in which Mr. Bibby was present? A. No, sir.

"Q. You had never done it? A. No, sir.

"Q. Had you rocked any cars in the place down there? A. No, sir.

"Q. Had you missed Mr. Anderson's head about eight inches on one occasion? A. No, sir.

"Q. Did you hit an automobile near where Mr. Anderson was on one occasion? A. No, sir.

"Q. You know Mr. Anderson? A. I might know him if I saw him, but I haven't thrown any rocks at Perfection, at all.

"Q. Well, you would know him if you saw him; you have been sitting in this courtroom, haven't you? A. Mr. Anderson?

"Q. Yes. A. No, sir, I haven't never thrown any rocks at him."

When the defense had rested its case, Gilbert W. Anderson was recalled as a witness for the state. He reiterated his previous testimony that he had seen the defendant on occasions prior to the night of November 17, while witness was working at the Perfection Mattress Company and defendant was a picket there. This question was asked:

"Q. I will ask you if during the course of the time you were an employee there, and he was an employee there, as a picket—whether or not there was an occasion when you saw him throw a rock which narrowly missed you—."

Objection was interposed on the general grounds, and on the further grounds that it was an attempt to prove an offense not charged in the indictment. The court overruled the objection. Defense counsel then stated: "The question of course, is leading and suggestive." The solicitor remarked:

"It would have to be in the language of the predicate." The witness answered: "A. Yes, sir." Further interrogation of the witness, and his answers thereto, was as follows:

"Q. When was that with reference to the 17th of November? A. I don't know. I don't remember the date, sir.

"Q. Did you follow the flight of the rock and know where it came to rest? A. Yes, sir.

"Q. Where? A. It come over from across the street and hit at the side of my head and then bounced back out on the ground."

The court was not requested to instruct the jury as to the purpose for which such evidence was allowed. The record does not disclose the theory on which it was admitted. Our conclusion is, from the solicitor's statements, that it was admitted on the question of motive, or as affecting the credibility of defendant.

■ The point in issue was whether the defendant had committed the crime charged in the indictment. Evidence of the commission by an accused of other independent crimes must be "so connected by circumstances with the particular crime charged as that proof of one fact with its circumstances has some bearing on the issue on trial other than to show in the defendant a tendency or disposition to commit the crime with which he is charged. Mason v. State, 259 Ala. 438, 66 So.2d 557, 42 A.L. R.2d 847; Wigmore on Evidence, 3rd Ed., Vol. 2, § 304." Garner v. State, 269 Ala. 531, 114 So.2d 385, 386.

■ There are well established exceptions to the general rule which excludes evidence of crimes other than that charged in the indictment. One exception is that such evidence will be received when it is relevant to show motive for the crime for which accused is on trial. McMurtrey v. State, 37 Ala.App. 656, 74 So.2d 528, and numerous cases there cited. Mason v. State, supra; Garner v. State, supra.

■ "Motive is an inducement, or that which leads or tempts the mind to do or commit the crime charged. The law does not deal with motive in a speculative sense. The motive may not only be material, in some cases it may be by the jury considered controlling, but it cannot be speculated upon or imagined any more than other circumstances. The motive attributed to the accused must have some legal or logical relation to the act charged, according to known rules and principles of human conduct. If the motive has not such relation to the crime charged, it cannot be considered a legitimate part of the proof. If a given circumstance has no tendency whatever to prove a given motive, it is, of course, not admissible." Spicer v. State, 188 Ala. 9, 65 So. 972, 977.

■ We are clearly of opinion the evidence concerning the rock throwing incident on a prior occasion was not admissible. It had no legitimate tendency to prove a motive for the crime charged in the indictment. It has no bearing on the issue on trial other than to show his propensity for violence or his disposition to commit the crime for which he was being tried. It is our further opinion that such evidence was not admissible under any of the other exceptions to the rule.

Nor was the rebuttal evidence of Anderson admissible on the theory of impeachment of defendant. The subject of the cross-examination of defendant and the rebuttal testimony related to collateral matters.

"The rule relating to the conclusiveness of answers given on cross-examination to questions on collateral matters is applied to the answers of the defendant the same as in the case of the ordinary witness. Thus, while the cross-examination, subject to the discretion of the court, may go into collateral matters when the purpose is impeachment of the witness, the answer

of the defendant to such questions is conclusive. Thus, if the defendant denies his guilt of a crime other than the one charged in the indictment, the prosecution is bound by the answer and cannot prove his guilt by other evidence." Wharton's Criminal Evidence, 12th Edition, Sec. 886, p. 292. See also Underhill's Criminal Evidence, Fifth Edition, Sec. 168, p. 317; Crawford v. State, 112 Ala. 1, 21 So. 214.

■■ For the purpose of attacking his credibility, a witness, or a defendant when testifying in his own behalf, may be examined on cross-examination as to a former conviction of a crime involving moral turpitude, and if denied, such conviction may be proven by the court record of conviction or a properly certified copy thereof, but it cannot be established by oral testimony. Title 7, Secs. 434, 435, Code of Ala. 1940; Love v. State, 36 Ala.App. 693, 63 So.2d 285; Ellis v. State, 244 Ala. 79, 11 So.2d 861; Wright v. State, 38 Ala. App. 64, 79 So.2d 66, certiorari denied 262 Ala. 420, 79 So.2d 74. But whether accused has been guilty of wrongful conduct or the commission of an offense for which there has been no conviction is not a proper inquiry. Davis v. State, 21 Ala.App. 637, 111 So. 314.

No objection was interposed to the questions propounded to defendant on cross-examination, but objections were interposed to the interrogation of Anderson in rebuttal. These objections should have been sustained. The answers of defendant on cross-examination were conclusive and could not be contradicted by the state. Crawford v. State, supra. For the error in admitting such evidence the judgment must be reversed and the cause remanded to the trial court.

Since the case must be reversed for the reasons stated, there is no necessity for a discussion of other insistencies of error.

Reversed and remanded.