227 So.2d 586

**James SMITH**

v.

**STATE.**

**4 Div. 21.**

Court of Criminal Appeals of Alabama.

Oct. 21, 1969.

W. R. Belcher, Phenix City, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Appellant was convicted of the offense of grand larceny, the indictment charging that he feloniously took and carried away fourteen animals of the cow kind, the personal property of William Alexander Dozier.

Joe Drake, called as a witness by the state, testified he was with the defendant and three other persons when the cattle was

stolen and disposed of. On cross examination defense counsel asked the witness if he had been convicted in 1957 in Muscogee County, Georgia, for the offense of burglary.

The state's objection, on the ground defendant had not shown whether the witness was represented by counsel at the time inquired about, was sustained.

Defense counsel then asked the witness if he was convicted in 1965 of auto theft in Americus, Georgia. The state's objection to this question was sustained, whereupon the district attorney then stated: "We're going to object to any future questions unless he shows, out of the presence of the jury, that he was represented by counsel."

The record shows after the jury was sent from the courtroom, the court stated: "The state is entirely correct. In any impeaching question it will be necessary for whichever witness is being asked such questions that the record show that he had counsel at the time of the conviction."

The witness was questioned out of the presence of the jury as to whether he was represented by counsel when he was convicted of two or three offenses involving moral turpitude. He stated he did have counsel when he was convicted in Americus, Georgia, in 1965, but could not remember whether he had an attorney when he was convicted on other occasions.

When the jury returned to the box the court said: "I will instruct you now that any question or answer made to the question concerning a burglary conviction in 1957 at the time and place stated, may not be considered by you in any way in arriving at any verdict you may reach in this case. You will eradicate that completely from your mind and give it no consideration whatever." Defense counsel reserved an exception to this instruction.

The witness admitted he was convicted of auto theft in Americus, Georgia, in 1965, at which time he was represented by counsel. But the court declined to permit defense counsel to question the witness as to any other prior convictions.

In White v. State, 40 Ala.App. 613, 119 So.2d 344, we said:

"For the purpose of attacking his credibility, a witness * * * may be examined on cross-examination as to a former conviction of a crime involving moral turpitude, and if denied, such conviction may be proven by the court record of conviction or a properly certified copy thereof, but it cannot be established by oral testimony. Title 7, Secs. 434, 435, Code of Ala. 1940; Love v. State, 36 Ala. App. 693, 63 So.2d 285; Ellis v. State, 244 Ala. 79, 11 So.2d 861; Wright v. State, 38 Ala.App. 64, 79 So.2d 66, certiorari denied 262 Ala. 420, 79 So.2d 74."

The only cases we have found holding that evidence of a prior conviction may not be offered unless it is shown there had been representation by counsel in the prior proceeding deal with the utilization of such conviction for the purpose of increasing the punishment of a defendant. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed. 2d 319; People v. Patterson, Cal.App., 75 Cal.Rptr. 485; People v. Coffey, 67 Cal.2d 204, 60 Cal.Rptr. 457, 430 P.2d 15.

Neither of the above cases stand for the proposition that a defendant may not ask a state's witness about a conviction of felony involving moral turpitude unless it is first shown that he was represented by counsel in the proceeding leading to the conviction.

In Smith v. State (Fla.App. 1968), 217 So. 2d 359, the court held that the number of times a witness has been convicted is within the scope of legitimate inquiry for purposes of establishing his credibility.

For the error pointed out hereinabove, the judgment is reversed and the cause remanded.

Reversed and remanded.

CATES, J., dissents—Supreme Court Rule 45.