TYSON, Judge.
Mary Frances Sargent, alias Francis Bridges Sargent, was charged by indictment with issuing a worthless check contrary to the provisions of § 13A-8-4, Code of Alabama 1975 as amended, by turning over a check in the amount of $33.92, drawn on the account H.N. Sargent and delivered to the Rhonda Uniform Shop. This was in payment for a Body Briefer combination bra and girdle and one bra of the total value of $33.92 and, in exchange therefor, took the aforesaid property. The jury pronounced the appellant guilty of the offense of “theft of property in the second degree as charged in the indictment”.
Thereafter, a sentencing hearing was held and the appellant was sentenced to five years’ imprisonment in the penitentiary. This appeal follows.
Because reversible error occurred in two particulars, this court need not herein set out the facts of this case, nor do we express an opinion thereon.
I
During the course of trial, the State sought to prove, pursuant to provisions of C. Gamble, McElroy’s Alabama Evidence § 69.01(l)-{6), as revised, to show a plan, design, scheme or system with reference to this appellant’s conduct.
Thereafter, the State, through the testimony of Mrs. Juanita Akins, who serves as the Clerk of the Civil Division of the District Court in Colbert County, placed in evidence some 39 cases wherein, during the years 1971-1979, this appellant had *727 purportedly issued checks which had been returned as worthless because of a lack of funds or on which an account had been closed. Mrs. Akin testified that she was the official custodian as clerk of the records of the court. However, the circuit court fell into error by allowing into evidence these prior convictions. Mrs. Akin was allowed to testify over initial objection by defense counsel that these were true and correct copies of the official records of the court. However, each of these 38 or 39 cases in which she testified were simply “case action summary sheets” or “trial docket sheets” showing the orders or judgment of the court entered in the aforesaid cases. Not one of the foregoing had been reduced to a judgment or minute entry, nor were any of these certified by the circuit clerk as being official minute entries of the court. Reversible error, thus, occurs.
Appellant’s counsel (R. 60-61) had objected to the introduction of this evidence and asked that this objection be preserved for the record.
As noted by this court in Palmer v. State, 54 Ala.App. 707, 312 So.2d 399 (1975), this court stated:
“In Childers v. Holmes, 207 Ala. 382, 92 So. 615, we find:
'... The defendants’ objection raised the question. They objected “because it was not the proper manner to prove a conviction.” The proper manner was not by this witness, but by a certified copy of the record showing it, or by the oral testimony of the person convicted. The court erred in overruling that objection to the question. Sections 4008, 4009, Code 1907; Thompson v. State, 100 Ala. 70, 14 South. 878; Murphy v. State, 108 Ala. 10, 18 South. 557; rule 33 (circuit court) p. 1527, 2 Code 1907.’
“In Murphy v. State, 108 Ala. 10, 18 So. 557, we find the rule stated thusly:
‘A defendant who avails himself of the right to testify in his own behalf may be cross-examined generally and be compelled to disclose all facts within his knowledge which could be elicited if he was merely a witness, and not a defendant, material to the issue, and is subject to all legal questions which may affect his credibility. It is competent to show, for the purpose of affecting his credibility, that a witness has been convicted of a felony (and a defendant who has been examined is subject to this rule); but the court record of his conviction, or a properly certified copy thereof, is the primary evidence to establish the fact. It cannot be proven by parol evidence in the first instance. Thompson v. State, 100 Ala. 70,14 So. 878; Thomas v. State, 100 Ala. 53, 14 So. 621.’
“Thus, it is clear here that allowing the circuit clerk to read the purported trial docket sheet as proof of the appellant’s prior conviction of the possession of Marihuana, was prejudicial error. Wright v. State, 38 Ala.App. 64, 79 So.2d 66, cert, denied 262 Ala. 420, 79 So.2d 74; Patton v. State, 39 Ala.App. 308, 98 So.2d 621, and authorities therein cited.
“The trial docket is not a record, and the memoranda (the Judge’s bench notes entered thereon by the Judge) operated only as a directive to the clerk as to what judgments and orders should be entered on the court’s record. Winn et al. v. McCraney et al., 156 Ala. 630, 46 So. 854; Calvert v. State, 26 Ala.App. 189, 155 So. 389.
“While in Ellis v. State, 244 Ala. 79, 11 So.2d 861, the use of a trial docket was said to be merely cumulative since the witness had admitted the prior offense, and such was deemed not to be prejudicial error, such cannot be said of the case at bar. Here, the trial docket sheet, and the circuit clerk’s testimony were offered as part of the State’s case in chief to show the prior conviction. As noted by the authorities above, such was erroneous. See Title 7, Section 393, Code of Alabama 1940.”
*728 It is appropriate at this point to observe that Jefferson County, Alabama has had a statute passed which permits the use of trial docket sheets, duly certified by the official custodian, and attested to in open court by such custodian as the official judgment or minute entry. See Act No. 1037 Acts of Alabama, 1971 Legislature. This Act was specifically upheld by this court in Julius v. State, 407 So.2d 141, (Ala.Crim. App.1980), judgment reversed on other grounds, 407 So.2d 152, (Ala.1981) on remand 407 So.2d 152 (Ala.Crim.App.1981).
*727 As noted in the foregoing authorities, the proper way to prove a prior conviction of a crime is by introducing a certified copy of the official minute entry, showing a valid prior conviction of the defendant of the offense or by the admission of the *728 defendant himself. See Thomas v. State, 395 So.2d 1105 (Ala.Crim.App.1981); Kidd v. State, 398 So.2d 349 (Ala.Crim.App. 1981), cert, denied, 398 So.2d 353 (Ala. 1981); Sturdivant v. State, 439 So.2d 184 (Ala.Crim.App.1983); Thomas v. State, 435 So.2d 1319 (Ala.Crim.App.1981), rev’d 435 So.2d 1324, on remand, 435 So.2d 1326, appeal after remand, 435 So.2d 1327, (reversal on other grounds).
Similarly, Montgomery County, Alabama has also had an Act passed as Act No. 86-297, Acts of Alabama 1986, Regular Session, establishing a similar system for Montgomery County. No such Act exists for other counties.
However, for the errors hereinabove noted, this cause must be reversed and remanded for a new trial.
II
Further error also occurred during the trial of this cause when the State was permitted, over objection of the defendant, to establish some 12 prior arrests which had been made for issuing checks which were either returned as being insufficient or on accounts which had been closed, none of which had been reduced to judgments of conviction, but were simply arrest records.
The rule governing the use of such is well stated in this court’s opinion in Head-ley v. State, 51 Ala.App. 148, 283 So.2d 458 (1973), wherein this court observed:
“In connection with his testimony, the State was allowed over objection to introduce into evidence an arrest record showing a charge of assault with intent to murder against the appellant. The disposition of this case was not shown nor did the witness have any knowledge of it. We feel the trial court committed reversible error in allowing this into evidence. “The general rule was stated in White v. State, 40 Ala.App. 613, 119 So.2d 344, as follows:
‘For the purpose of attacking his credibility, a witness, or a defendant when testifying in his own behalf, may be examined on cross-examination as to a former conviction of a crime involving moral turpitude, and if denied, such conviction may be proven by the court record of conviction or a properly certified copy thereof, but it cannot be established by oral testimony. Title 7, Secs. 434, 435, Code of Ala. 1940; Love v. State, 36 Ala.App. 693, 63 So.2d 285; Ellis v. State, 244 Ala. 79, 11 So.2d 861; Wright v. State, 38 Ala.App. 64, 79 So.2d 66, certiorari denied 262 Ala. 420, 79 So.2d 74. But whether accused has been guilty of wrongful conduct or the commission of an offense for which there has been no conviction is not a proper inquiry. Davis v. State, 21 Ala.App. 637, 111 So. 314.’
“And in Davis v. State, supra, the court further stated:
‘... The mere fact that an accused had been arrested on several former occasions upon a similar charge is not a proper inquiry. Karackalas v. State, 18 Ala. App. 181, 89 So. 833. A former conviction may be shown under relevant conditions, but the mere arrest of a man without more, sheds no light upon his guilt or innocence on the trial of a case, nor should it be allowed or considered in order to militate against the weight of his evidence or credibility as a witness. That such inquiry before the jury was hurtful cannot be doubted, and, being erroneous, the judgment of conviction cannot stand.’
“For the reasons stated above, the judgment of conviction is due to be reversed and the cause is hereby remanded.”
See also, Gregath et al. v. Bates et al., 359 So.2d 404 (Ala.Civ.App.1978); Jones v. State, 387 So.2d 284 (Ala.Crim.App.1980); *729 McGhee v. State, 333 So.2d 865 (Ala.Crim. App.1976); Glover v. State, 474 So.2d 174 (Ala.Crim.App.1985).
REVERSED AND REMANDED FOR NEW TRIAL.
All the Judges concur.