# Waters *v.* The State.

*Indictment for Grand Larceny.*

1.  *Trial and its incidents ; when ruling upon evidence not revisable.*
The right of a trial court to require the defendant in  a criminal case
to go to trial without putting the State to an  admission of what an
absent witness would testify, is matter of discretion, the exercise of
which is not revisable on appeal.

2.  *Evidence; general objections.*—A mere general objection to evi-
dence offered to be introduced, without stating any specific grounds ·
of objection, is insufficient to present for review  on appeal the over-
ruling of such objection by the trial court.

3.  *Same; inadmissibility of evidence of former conviction.*—Upon the
trial of a defendant in a criminal prosecution, it is not permissible to
go into particulars of charges upon which the defendant had ·been
previously convicted, and to re-try the issues concluded by judgments
in former prosecutions ; and evidence offered by the defendant tend-
ing to show that he was not guilty of the charges preferred in the
former prosecutions, is inadmissible.  . .

[Waters v. The State.]

4. *Argument of counsel; power of court to limit.*—The trial court has the power to regulate the exercise of the right of argument of counsel in a criminal case by reasonable rules and regulations; and the exercise of this power by the court in the limiting of argument to a certain time, does not infringe the constitutional guaranty "that in all criminal prosecutions, the accused has the right to be heard by himself and counsel, or either," where the limitation does not deprive the counsel of reasonable opportunity to make defenses for his client.

5. *Charges to the jury; when properly refused.*—In the trial of a criminal case, charges requested by the defendant, which predicate his acquittal upon the finding of certain facts introduced in evidence, but which ignore other tendencies of the evidence adduced on the trial, are properly refused; and this is true even though the charges requested, when abstractly considered, assert correct propositions.

6. *Criminal prosecution; presumption of innocence.*—In a criminal prosecution, a presumption of innocence does not necessarily attend the defendant "throughout the whole trial," but only until it is overturned by the evidence which convinces the jury of the defendant's guilt beyond a reasonable doubt; and a charge is properly refused which instructs the jury "that the defendant has the presumption of innocence with him through the whole trial."

7. *Larceny; when sale of property stolen not an ingredient of the offense.*—Where, on a trial for larceny of a cow, there is testimony tending to show the defendant is guilty as charged, and there is also testimony tending to show that the defendant sold beef to a certain named person, the sale of beef by the defendant to such person is not an ingredient of the offense charged, but merely an incriminating circumstance; and to authorize a conviction it is not necessary that the jury should believe beyond a reasonable doubt that the defendant sold the beef to such person, and a charge so instructing the jury is erroneous.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. GEORGE E. BREWER.

The indictment under which the appellant, W. H. Waters was tried and convicted, contained two counts. The first count charged the defendant with the larceny of a cow, the property of J. F. Dearman. The second count, charged the larceny "of a heifer yearling, an animal of the cow kind, the property of J. F. Dearman." It was shown that the animal the defendant was charged with having stolen belonged to J. F. Dearman.

The evidence for the State tended to show that the defendant was guilty as charged in the indictment. The defendant as a witness in his own behalf, testified that

he bought the beef, which the State's evidence tended to show was produced by the killing and butchering of the yearling owned by one Dearman, from a negro who was carrying the beef in his wagon to Anniston; that he, the defendant, met said negro on the road and traded with him for the yearling. The other facts necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Upon the introduction of Holcomb as a witness for the State, he testified that he lived near the witness, Dearman, in the city of Anniston, and knew the yearling which was stolen. He was asked by the State, among other things, as to his knowledge of the yearling, "What was the name of the yearling, if it had any?" The defendant objected to this question, but stated no ground of objection. The court overruled the objection, and the defendant duly excepted.

After the defendant had testified as a witness in his own behalf, the State introduced in evidence the record of the circuit court of Calhoun county, showing that the defendant had been convicted of petit larceny in two cases, the subject of the larceny being old iron. The defendant then offered to testify that the old iron which he was convicted of stealing had been sold to him by one Louis Morris, and that in the trial of said cause Morris testified that he had sold the old iron to the defendant. The court, upon objection of the State, refused to allow the defendant to so testify, and to this ruling the defendant duly excepted.

After the introduction of all the evidence, the court, of its own motion, limited the argument of the counsel to the jury to two hours on each side, and to this ruling the defendant duly excepted.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury have a reasonable doubt as to whether defendant got the beef from a negro on the road, then they must acquit the defendant." (2.) "If the jury find from the evidence that the defendant received the beef from another, then they must acquit." (3.) "A defendant has the presumption of innocence with him through the whole trial." (4.) "The jury cannot convict the defendant unless they are convinced by the evi-

dence. beyond all reasonable doubt that the beef sold by Waters to Huggins is the same animal that was killed on the mountain which has been testified about in this case.'' (5.) ''If from all the evidence the jury have a reasonable doubt as to how the defendant became in possession of the beef, they must acquit.'' (6.) ''The court charges the jury that it is a rule of the criminal law that in cases of doubt, it is safer to acquit than to convict; and if the jury are unable to say from the evidence in this case that they are satisfied beyond all reasonable doubt and to a moral certainty that the defendant is guilty, then it is the duty of the jury to find the defendant not guilty.''

MATTHEWS & WHITESIDE and J. T: MARTIN, for appellant, cited *Ogletree v. State*, 28 Ala. 693; *Henson v. State*, 112 Ala. 45; *Williams v. State*, 47 Ala. 659; *Carson v. State*, 50 Ala. 135; *Farrish·v. State*, 63 Ala. 164.

WILLIAM C. FITTS, Attorney-General, for the State.

McCLELLAN,. J.—The action of the court in requiring the defendant to go to trial without putting the State to an admission of what the absent witness, Addis, would testify was matter of discretion; the exercise of which is not revisable.

It will suffice to say of defendant's objections to the testimony of Holcomb as to the name of Dearman's yearling that no grounds of objection were stated by the defendant.

It was obviously improper to go into the particulars of the charges upon which defendant had been previously convicted and to retry the issues concluded by the judgments in the former prosecutions as the defendant offered to do.

The circuit court committed no error upon which a reversal of the judgment could be predicated in limiting the argument of defendant's counsel to two hours.—*Yeldell v. State*, 100 Ala. 26.

The indictment charged the defendant with the larceny of a cow, or animal of the cow kind. The evidence tended to show that defendant was present at the place where the animal was killed and dressed, and that it was he who killed it and dressed it. There was evidence

from which the jury might have inferred that another person was also present and took the beef in his wagon and carried it a circuitous route into what was known as the Rocky Hollow road, where defendant claims to have purchased the beef he is charged with having stolen from another person. On these tendencies of the testimony the jury manifestly might have found defendant guilty of the larceny alleged, although they also believed that after the larceny by him was completed the beef was carried by another person into the Rocky Hollow road, and there received by the defendant. Charges 1 and 2 requested by the defendant were bad in that they did not exclude the idea—as certain other charges given at his request did—that he had previously to receiving the beef on that road feloniously taken and carried away the animal as averred in the indictment.

The court in other charges requested by defendant correctly stated the doctrine that a presumption of innocence attends a defendant until removed by proof of guilt. There was, therefore, no error in refusing charge 3, even if it be conceded that that instruction was abstractly correct. But that charge was not an accurate exposition of the doctrine. The presumption does not necessarily attend a defendant "throughout the whole trial," but only until it is overturned by evidence which convinces the jury of guilt beyond a reasonable doubt.

The sale of beef by defendant to Huggins was not an ingredient of the offense charged, but merely an incriminatory circumstance. The defendant might have been guilty as charged though he did not sell the animal to Huggins.

Charge 5 was properly refused on the considerations adverted to in respect of charges 1 and 2.

Charge 6 was argumentative, and therefore properly refused.

Affirmed.