# Fuller *v.* The State.

## *Murder.*

(Decided July 6, 1906.　41 So. Rep. 774.)

1. *Homicide; Evidence.*—It having been shown that deceased was killed by a shot from a gun; that two shots were fired at the time of the killing, and that two empty shells bearing a certain mark were found near the place of the killing; that at the time of the arrest of defendant and his codefendant a number of shells were found on defendant, some bearing the certain mark, the shells found near the place of the killing were admissible in evidence as tending to show, in connection with the other evidence, that defendant fired them on the occasion of the killing.

2. *Witnesses; Competency; Conviction of Felony; Credibility.*—A conviction for a felony, whether statutory or otherwise, may be shown for the purpose of affecting the credibility of a witness under § 1795, Code 1896, and this may be shown by oral proof without the production of the record.

3. *Criminal Law; Instructions; Abstract Charges.*—As evidence of whether a witness was or was not guilty of the commission of a felony, of which he admitted he had been convicted, would not have been competent, if offered, to bolster his testimony, a charge predicated upon the jury's belief of his innocence of the crime, was abstract and otherwise erroneous.

4. *Same; Trial; Remarks of Counsel.*—The solicitor said to the jury: "You can take that gun, which is in evidence and try the gun on the two shells in evidence, and put one shell in each barrel of the gun and snap it and see if it does not make the same impression on the caps of the two shells, and in the same place on the caps as is made on the caps of the two empty shells in ev-

idence; and I invite you, gentlemen, to make the experiment when you retire to the room to make your verdict." Held, not error to refuse to exclude these remarks in view of the tendencies of the evidence.

APPEAL from Bibb Circuit Court.

Heard before HON. B. M. MILLER.

The defendant was indicted with Henry Duncan for the murder of Allen Fuller by shooting him with a gun. A severance was demanded by this defendant, and he was put upon his trial, convicted, and sentenced to the penitentiary for life. It was shown on the examination of witnesses by the state that when the defendants were arrested some 25 or 30 shells were found on them; that some were gun shells and some were rifle shells, some were buckshot shells and some were not; but the buckshot shells were marked "New Club Shells." It was also shown that two shots were fired at the time of the killing, and two empty shells were found near the place of the killing, marked and branded as above set out. These shells were offered in evidence over the obejction of the defendant. Henry Duncan was introduced by the defendant, and on cross-examination the state was permitted over the objection of the defendant to ask him the following question: Were you not convicted of aiding prisoner to escape from jail, the said prisoner being charged with murder?" The witness answered: "Yes; was convicted and sentenced to Pratt Mines for aiding a prisoner to escape from jail, and the prisoner was charged with murder." The solicitor in his argument to the jury said: "You could take that gun which is in evidence, and try the gun on two of the shells in evidence, and put one shell in each barrel of the gun and snap it, and see if it did not make the same impression on the caps of the two shells, and in the same place on the caps, as is made on the caps of the two empty shells in evidence; and I invite you, gentlemen of the jury, to make the experiment when you retire to the room to make up your verdict." The defendant moved the court to exclude these remarks of the solicitor from the jury, but the court declined to do so. The defendant requested the following written charge, which was re-

fused: "I charge you that if you believe, from all the evidence in this case ,that Henry Duncan was not guilty of the charge of aiding a prisoner to escape from jail, then you should not consider the fact, as admitted by him, that he was convicted of the charge, in saying whether or not he testified willfully false in this case."

LOGAN & FULLER, for appellant.—No brief came to the reporter.

MASSEY WILSON, Attorney General, for State.—No brief came to the reporter.

TYSON, J.—Under the testimony the shells were sufficiently identified as being those found near the place of the killing. They were, therefore, properly allowed in evidence as tending to show, in connection with other testimony adduced, that defendant fired them on the occasion of the homicide.

Section 4711 of the code of 1896 makes it a felony for any person to aid or attempt to aid any prisoner to escape from jail, confined therein under a charge or conviction of felony. Section 1795 provides that "no objection must be allowed to the competency of a witness because of his conviction for any crime except perjury, or subornation of prejury, but if he has been convicted of other infamous crime, the objection goes to his credibility." Under section 1796, proof of the conviction may be made by the oath of the witness without production of the record. At common law the conviction of a felony disqualified the witness, because the nature of the crime and the punishment rendered the witness infamous.—16 Am. & Eng. Ency. Law (2d Ed.) p. 245, et seq.; *Sylvester's Case,* 71 Ala. 17. It was a felony at common law for any one to aid the escape of a prisoner charged with felony, if he had knowledged of the crime upon which the prisoner was confined. Such assistance made the person rendering it an accessory after the fact.

The statute (section 4711 of the code) is violated without reference to the knowledge of the person who aids the prisoner to escape of the nature of the charge under

which the prisoner is confined, or without respect to whether the escape is effectual or not.—*Wilson v. State,* 61 Ala. 15. So, then, the conviction of the common-law offense of aiding a prisoner to escape charged with a felony, with knowledge of the crime, being a felony, would under the rules of the common law disqualify the convicted person as a witness. And an objection to the competency of such a witness, if sustained by the trial court, would be sustained on appeal, unless the record repels the presumption that the conviction of the witness was for the common law offense.—*P. & M. Ins. Co. v. Tunstall,* 72 Ala. 142. But, aside form these considerations, we entertain the opinion that a conviction for a felony made so by statute, which was not a crime at common law, may be shown for the purpose of affecting his credibility as a witness under section 1795 of the code. —*Murphy v. State,* 108 Ala. 10, 18 South. 557; *Taylor v. State,* 62 Ala. 164, 165. This conclusion is not opposed to any of our cases. There are doubtless expressions in some of them which are calculated to mislead upon a mere cursory reading, but a careful examination of them will disclose that they support, rather than militate against, our conclusions . Their misleading tendencies grow out of a discussion of the nature of the act for which the conviction is had, with respect to whether that act was at common law of the nature of the crimen falsi. Where the conviction is for a felony, the question as to whether the act or offense is of the nature of the crimen falsi is wholly impertinent and unimportant. That question can only arise where the conviction is for a misdemeanor, and only becomes important in that class of cases.

Applying these principles to the exception reserved to the question propounded to defendant's witness, Henry Duncan, on cross-examination, it is apparent that there is no merit in it. There was no testimony introduced tending to show that this witness was not' guilty of the charge on which he admitted he was convicted, and, indeed, such testimony could not have been legally admitted, if offered. For this reason, if for no other, the written charge requested by defendant was properly refused.

[Outler v. The State.]

There is no merit in the remaining exception to the ruling of the court with respect to the argument of the solicitor.

Affirmed.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.