(135 So. 419)

### CHRISTOPHER v. STATE.

8 Div. 128.

Court of Appeals of Alabama.

Feb. 17, 1931.

Rehearing Denied March 17, 1931. Affirmed After Mandate May 5, 1931. Further Rehearing Denied May 26, 1931.

R. B. Patton, of Athens, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of violating the prohibition laws (Code 1923, § 4621) by having whisky in his possession, and fined $50.

We have carefully examined every exception reserved. If there is shown by any one of same an erroneous ruling, which we do not assert, said ruling was in our opinion fully cured by the testimony of appellant himself. By his own testimony he was guilty as charged.

We find nowhere prejudicial error, and the judgment of conviction is affirmed.

Affirmed.

### On Rehearing.

PER CURIAM.

In answer to the vigorous argument of the appellant's able counsel, we feel that we ought to say that the excerpts from the testimony of the appellant, given while testifying as a witness for himself, upon which we based the statement in our original opinion that "by his own testimony he was guilty as charged," are as follows:

"I remember the day the officers searched my store; * * * they found a bottle of whisky under my desk; the bottle had three or four ounces of whisky in it; that was not my liquor; I do not know where it came from; I saw it that morning * * * and the Sheriff came out there after dinner. The same bottle of whiskey that Gilbert (one of the searching party with the Sheriff) found was the bottle Milt Grisham called to my attention that morning. * * *"

"Question by the Court: Did you put it (the above mentioned bottle, with the whiskey in it) there at the place where the officers found it, when it was called to your attention? Answer: "Yes, Sir.""

We do think it appears that appellant merely took hold of the bottle of whisky for the purpose of destroying it. And the application for rehearing is overruled.

Opinion extended; application for rehearing overruled.

Opinion after Remandment by Supreme Court.

PER CURIAM.

We were not unaware of the holding by the Supreme Court in the case of Ex Parte State ex rel. Attorney General (Harbin v. State), 210 Ala. 55, 97 So. 426. In fact, the form of expression used by us in our opinion on rehearing in this case was prompted by our desire to emphasize our conclusion that the holding in the said Harbin Case did not operate to relieve this appellant from the imputation of guilt—under his own testimony.

What we really wrote and decided was that appellant's own testimony showed his guilty connection with the small quantity of whisky, which was found, and we really said: "We do *not* think it appears that appellant merely took hold of the bottle of whiskey for the purpose of destroying it." In making the copies from our original manuscript, the word "not" was omitted—which of course changed our holding, inadvertently.

We are put to this method of correcting our opinion on rehearing, and we now make it

clear that from the testimony which we set out in our said opinion on rehearing we do not think it appears that appellant merely took hold of the bottle of whisky for the purpose of destroying it.

Since the Supreme Court granted the writ of certiorari, and remanded the case to us for further treatment on their stated reason that our judgment of affirmance was erroneous because we "expressed the view that they (we) thought petitioner (appellant) merely took hold of the bottle of whiskey for the purpose of destroying it," and we have now corrected our said opinion on rehearing, we take it that it is proper to enter an order affirming the judgment of conviction. The same is affirmed.