(135 So. 420)

### Ex parte CHRISTOPHER.

### CHRISTOPHER v. STATE.
### 8 Div. 294.

Supreme Court of Alabama.
April 30, 1931.

See, also, Christopher v. State, post, p. 363, 135 So. 421.

R. B. Patton, of Athens, for petitioner.

Thos. E. Knight, Jr., Atty. Gen., for the State.

FOSTER, J.

In Ex parte State ex rel. Attorney General (Harbin v. State), 210 Ala. 55, 97 So. 426, this court expressed its view in general terms of the meaning of that feature of the criminal law prohibiting the act of having possession of prohibited liquor. Section 4621, Code. It was there said to include such possession as may "be for the use, benefit, or enjoyment of himself or any other person, and not merely for the purpose of inspection or destruction."

It appears from the opinion of the Court of Appeals on rehearing that this petitioner testified that the liquor was not his, that he did not know where it came from, and that it was the same found in his store by a rural mail carrier that morning after many people had been in there, and that his only connection with it was to remove it to another place in the store after his attention was called to it. That court expressed the view that from such evidence they thought that petitioner merely took hold of the bottle of whisky for the purpose of destroying it. But they thought that such testimony showed that he was guilty of the charge of unlawfully possessing the liquor.

We are, however, of a different opinion, and think that the possession merely for the destruction of the liquor is not made a crime under the statute.

The Court of Appeals, 135 So. 419, further concluded that it was not necessary to treat other features of the record, because any error would be harmless on account of the effect of his own testimony as we have indicated. We think, therefore, that the Court of Appeals was in error in this conclusion, and should not fail to consider and treat the other aspects of the appeal on account of such evidence of petitioner. For that purpose the writ is awarded; the judgment reversed and the cause remanded to that court for further consideration.

Writ awarded; reversed and remanded.

All the Justices concur.