148 So. 319

## MICKLE v. STATE.
### 5 Div. 139.

Supreme Court of Alabama.
May 18, 1933.

D. T. Ware, of Roanoke, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

GARDNER, Justice.

This is defendant's second appeal from a conviction of rape. Mickle v. State (Ala. App.) 142 So. 120.

■ The testimony of the witness Charlie Foster as to what was said by the prosecutrix when he went to her house, in response to her summons, was but the remainder of a conversation, a part of which defendant had himself previously elicited, and its admission was without error. Allen v. State, 134 Ala. 159, 32 So. 318; Catts v. Phillips, 217 Ala. 488, 117 So. 34.

■ Moreover, we conclude the defendant's objection to the evidence is based upon the erroneous assumption that what prosecutrix said on that occasion was not in the nature of a complaint. It was to the effect that she stated "that something bad had happened * * *—there's my little girl and I can't tell you," and the following proof disclosed that after driving in the car a short distance, and at an opportune time, she told the witness the occurrence as to the assault upon her.

■■ Defendant offered proof tending to establish an alibi, and that when he reached home the night of this occurrence his mother, father, and sister were sitting around the fire. For the purpose of discrediting defendant as a witness in his own behalf, the state was properly permitted to offer his testimony on the former trial of the case to the effect that when he reached home all had gone to bed except his mother. Any fact tending to discredit the testimony of an adverse witness is always relevant and material. Andrew Pearce v. State, ante, p. 436, 147 So. 617; Hixon v. State, 223 Ala. 10, 134 So. 458.

■ Defendant admitted his conviction for forgery and his imprisonment in the penitentiary therefor. The remarks of the solicitor in his argument to the jury touching such conviction, form the basis for defendant's insistence for a reversal. The bill of exceptions discloses a correction of the argument by the solicitor, a colloquy between counsel and the court as to what in fact the solicitor did say, a further statement by counsel of the several grounds of his motion for a mistrial on account of such remarks, followed by instructions from the court to the jury that any testimony as to defendant's conviction of forgery was competent and to be considered in connection with his credibility as a witness, and for no other purpose. This is all. There was no specific ruling and no exception whatever reserved. The argued point is therefore not here presented for review. Anderson v. State, 209 Ala. 36, 95 So. 171; American Ry. Express Co. v. Reid, 216 Ala. 479, 113 So. 507.

■ But considered upon its merits no reversible error is made to appear. The effect of the argument was confined within the limitations of the matter of credibility of the witness, that a man who admits his conviction for forgery will also testify falsely when on trial for an offense of the character here involved. The solicitor, as pointed out to counsel at the time, did not state as a fact defendant had been convicted of forging a check, but did say "signing his name to a check or something like that." Reference to a check was merely by way of illustration, and upon objection being interposed that part of the statement was withdrawn. Clearly there was nothing in this situation that called for a mistrial of the cause.

■ The bill of exceptions contains no reference to any ruling of the court on defendant's motion for a new trial, and its failure, therefore, to show that any exception was taken to the action of the court in denying the mo-

tion is fatal to the right of review thereon, under the uniform decisions of this court. Ex parte Rials, 211 Ala. 615, 101 So. 630; Ex parte Thomas, 207 Ala. 662, 93 So. 521.

A careful review of the record presents no ruling calling for a reversal of the judgment of conviction, and it must accordingly stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.