186 So. 453

## KENNEDY v. STATE.
### 6 Div. 300.

Supreme Court of Alabama.

Jan. 26, 1939.

Rehearing Denied Feb. 21, 1939.

F. D. McArthur, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

KNIGHT, Justice.

The appellant, Joe Lee Kennedy, was indicted by a Grand Jury in the Circuit Court of Jefferson County for the offense of murder in the first degree. Upon his trial for said offense, he was convicted of murder in the first degree, and his punishment fixed by the trial jury at death. Upon the verdict the defendant-appellant was adjudged by the court guilty of murder in the first degree, and the sentence of death was pronounced upon him.

The record proper has been examined and carefully considered, although no objections thereto, for any irregularities, have been urged by appellant's counsel upon our attention.

The record proper shows: Indictment in proper form, and duly filed in said court; due and legal arraignment of the defendant on this indictment; the setting of a day for the trial, and order for, and due service of, a copy of the indictment upon the defendant, as the law directs. No errors appear upon the record proper.

There is a bill of exceptions in the record, but this document discloses that but few exceptions were reserved upon the trial, and these relate wholly to the admission and exclusion of evidence, and to certain rulings of the court in refusing, upon motion of defendant, to exclude portions of the argument to the jury, made by the special prosecuting attorney.

The exceptions reserved by the defendant, on the admission and exclusion of evidence, are so manifestly without merit that a detailed discussion of the same is unnecessary. Suffice it to say that we have considered each of defendant's exceptions, and in each instance have found that the trial court committed no error.

Nor are we impressed that the trial court, in view of the evidence, and legitimate inferences, committed error in refusing to exclude the excepted to portions of the argument of the special prosecutor. Peterson v. State, 231 Ala. 625, 166 So. 20; DuBose v. State, 148 Ala. 560, 42 So. 862; Piano v. State, 161 Ala. 88, 49 So. 803; Cross v. State, 68 Ala. 476.

A careful reading of the record in this case can but convince the judicial mind that the defendant was accorded a fair and impartial trial; and that the defendant was accorded every opportunity to present his defense.

We find no errors in the record, and the judgment of the circuit court must be affirmed.

Affirmed.

GARDNER, THOMAS, BOULDIN, BROWN, and FOSTER, JJ., concur.