198 So. 265

**GANDY v. STATE.**

6 Div. 697.

Court of Appeals of Alabama.
June 25, 1940.

Rehearing Denied Aug. 6, 1940.

William Conway, of Birmingham, for appellant.

Thos. S. Lawson, Atty Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

**BRICKEN, Presiding Judge.**

Upon an indictment which charged the offense of rape, this appellant was tried and convicted as charged, and his punishment was fixed at fifteen years' imprisonment in the penitentiary.

There was no conflict in the testimony on the trial of this case in the court below. The defendant offered no testimony. Upon this appeal appellant relies mainly upon exceptions reserved to the rulings of the court on admission of the testimony, and the refusal of certain special written charges to defendant. Other questions are also insisted upon.

The theory of the State upon the trial of this case in the court below, made known to the court, was, that a conspiracy to commit the offense complained of was entered into by the appellant, and two others, his companions on the occasion in question; and we find from the undisputed testimony this position was well taken and fully sustained. The law as to this is, whether in fact the violence was done by one, or more than one; whether they went there with a common purpose to do violence, or to see it done, or to aid or encourage the doing of it, or to lend assistance should it become necessary; each and all of these were proper inquiries for the jury, and the testimony justified their submission to that body. So, if, being present with or without preconcert, they entered into a common illegal purpose, and one or more of them did the deed of violence, and the others were present, aiding, abetting, encouraging, sanctioning, or giving countenance to the unlawful act, or ready to lend assistance if it should become necessary, and the jury, by the proper measure of proof, find either one of these categories to be true, then if the actor or actors be found guilty, the others are also guilty. Hence it is that, when there is testimony, sufficient in the opinion of the presiding judge to show a prima facie case of conspiracy, or community of purpose, then the acts of each may be proved on the trial against all, or any number of the alleged conspirators; and if the jury find that there was such conspiracy, or common purpose, then the act of each participant, done or sanctioned by one in aid of the common purpose, becomes the act of all in its criminating effect.

In the case of Hunter v. State, 112 Ala. 77, 21 So. 65, 1st Headnote, which is fully sustained by the opinion, reads: "In a criminal case, the acts and declarations of another person than defendant, in the absence of the defendant, are admissible in evidence against the defendant, when there has been introduced evidence, direct or circumstantial, prima facie sufficient to establish the existence of a conspiracy between the defendant and such other person to commit the offense charged, and such acts and declarations are in furtherance of the common design to commit the crime."

The rulings of the trial court upon the admission of evidence were in strict accord with the rule above announced, and no error of a reversible nature appears in any of said rulings. The unlawful occurrence complained of was clearly shown by the evidence, from beginning to end, to be a continuous transaction, rendering therefore the testimony relevant and admissible, and, as said, the rulings of the court were not infected with error.

We refrain from a recitation of the testimony of the injured party, a young white woman above twenty years of age, who had lived in the community where the crime was committed practically all of her life. Her testimony made out the case of the crime charged against this appellant, in its every detail, and, as stated, this testimony was not disputed or contradicted in any manner. There was also other testimony strongly corroborative of her testimony. The question of consent on the part of the injured party was not in this case, as there was no testimony bordering upon her consent; to the contrary, it affirmatively appears from the undisputed testimony that upon the occasion in question the young woman was totally helpless in the hands of the three conspirators, none of whom she had ever seen before, and against her will she was forcibly ravished by this appellant.

From our viewpoint, the jury having, as they should have, determined that the accused was guilty as charged, were extremely merciful in fixing his punishment; the evidence, as it does, disclosing this appellant and his conspirators, unquestionably were guilty of the heinous offense charged,

and also that the offense was committed in a cruel and highly reprehensible manner, all of which was undenied.

The action of the court on the motion to quash the venire was so clearly without error a discussion of the question need not be had.

The argument of the Solicitor complained of did not come within the inhibited scope of legitimate discussion. The statements complained of were the expressions of opinion merely, and were deductions and conclusions based upon the evidence in the case. In the statements complained of there was no unwarranted appeal to prejudice, nor were there any substantive outside statements of facts. Cross v. State, 68 Ala. 476, 484. In said case the court stated: "It is only when the statement is of a substantive, outside fact—stated as a fact— and which manifestly bears on a material inquiry before the jury, that the court can interfere, and arrest discussion."

The remaining questions relate to the refusal to defendant of several special written charges. Each of the questions has had our careful consideration. We do not regard it as necessary to discuss them in detail, it affirmatively appearing that such of said charges as properly state the law were fairly and substantially covered by the court's oral charge, and by the numerous charges given at request of defendant.

There appears no ruling of the court, upon the trial of this case, infected with error. We are clear to the conclusion the defendant was accorded a fair and impartial trial and that in no instance were his substantial rights erroneously affected. The record being regular in all respects, it is the order and judgment of this court, that the judgment of conviction from which this appeal was taken stand affirmed.

Affirmed.