275 So.2d 575 (1973)
Charles A. DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. Q-67.
District Court of Appeal of Florida, First District.
March 27, 1973.
Rehearing Denied April 25, 1973.
*576 Richard W. Ervin, III, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
SPECTOR, Chief Judge.
This is an appeal taken from a judgment of conviction of rape pursuant to a jury verdict.
Three questions are presented for our review: alleged error in denying appellant's motion to suppress his confession; sufficiency of evidence to support the charge of rape; and the trial court's refusal to give a jury instruction as requested by appellant.
Appellant was arrested at 3:30 P.M. on January 11, 1971. He confessed to assaulting the victim, a young housewife and mother, during the commission of a robbery by his accomplice. The confession was given at 11:00 A.M. January 13, two days later.
Appellant assails the confession, contending Miranda warnings were not given properly. They were. He contends that his constitutional rights were not waived in accordance with the "import" of the Miranda case in that there was no affirmative waiver of each right severally and serially. The federal courts in cases subsequent to Miranda have held that such affirmative waivers are not required after making a signed waiver. In Hill v. State, 223 So.2d 548 (Fla.App. 1969), the court held that Miranda does not require affirmative response or express waiver. So have the federal courts. United States v. Hayes, 4 Cir., 385 F.2d 375 (1967). See also People v. Johnson, 70 Cal.2d 541, 75 Cal. Rptr. 401, 450 P.2d 865 and People v. Higgins, 50 Ill.2d 221, 278 N.E.2d 68 (Ill. 1972). In Higgins, the court said at page 72:
"An express, formalistic waiver is unnecessary for any clear manifestation of a desire to waive is sufficient. The test is the showing of a knowing intent, not the utterance of a shibboleth. The criterion is not solely the language employed but a combination of that articulation and the surrounding facts and circumstances."
No cases are cited by appellant in support of his interpretation of Miranda, and no effort has been made by appellant's reply brief to explain why he ignored the State's reliance on the cases cited by it for the exact point involved in this case.
Secondarily, appellant contends that Oliver v. State, 250 So.2d 888 (Fla. 1971), and Jacobs v. State, 248 So.2d 515 (Fla.App. 1971), require that we reverse because the totality of circumstances shows that the confession here was involuntary. If the totality of circumstances here were such as to indicate some coercive effect on appellant's will, we would be required to reverse on that ground. But, the evidence fails to sustain appellant's claim of involuntariness. *577 Young v. Wainwright, 5 Cir., 326 F.2d 255 (1964), and Stevens v. State, Fla. App., 251 So.2d 565. Also Pettyjohn v. United States, 136 U.S.App.D.C. 69, 419 F.2d 651 (1969).
The next point raised by appellant is the sufficiency of the evidence to support the guilty of rape verdict. The evidence here reveals that appellant and his accomplice set out to commit a series of armed robberies. They decided between themselves that Willoughby would clear the way into the victim's home. Upon a prearranged telephone signal, appellant learned that the coast was clear and he entered the house. As he entered he saw the victim in an adjoining bedroom tied up on the bed. Appellant did nothing to effectuate a robbery. Rather, he proceeded to the bedroom and had forcible rectal intercourse with her. Additionally, she testified that he further violated her by engaging in cunnilingus with her. When he finished, he left the room, exchanged words with his accomplice in the other room and then went outside and waited in his car for the accomplice to come out. As he left the room where the victim was, the accomplice went in and had forcible vaginal intercourse with her.
The State's theory of appellant's guilt rests on the aider and abettor statute which states:
"776.011, F.S. Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires or otherwise procures such offense to be committed, is a principal in the first degree."
Accordingly, the trial court gave the following instruction to the jury on aiding and abetting:
"A person may commit a crime by his own personal act or through another person. Any person who knowingly aids, abets, counsels, hires or otherwise procures the commission of a crime is equally guilty with the one who actually performs the criminal act, whether he is or is not present at the commission of the offense. However, for one person to be guilty of a crime physically committed by another, it is necessary that he have conscious intent that the criminal act should be done or shall be done and that pursuant to that intent he do some act or say some word which was intended to and which did incite, cause, encourage or assist or induce another person to actually commit the crime.
"No person can be an accomplice with another defendant unless he knowingly, voluntarily and with common intent unites with others in the commission of a crime. The party's mere presence at the scene of a crime does not make him an accomplice in the absence of evidence that he took part in the commission of the crime, either by way of aiding or by way of encouraging such commission."
The aiding and abetting theory was advanced by the State rather than direct rape because the penetration here, though forcible, was rectal rather than vaginal.
It is unnecessary for us to now consider the correctness of the State's assumption since the evidence is sufficient to sustain the jury's finding that appellant aided and abetted the commission of rape by his accomplice.
Citing Pope v. State, 84 Fla. 428, 94 So. 865, 869 (Fla. 1923), the general rule is set out in 22 C.J.S. Criminal Law § 87, at page 257:
"The common purpose need not be to commit the particular crime which is committed, if two persons join in a purpose to commit a crime, each of them if actually or constructively present, is not only guilty as a principal, if the other commits that particular crime, but he is also guilty of any other crime committed by the other in pursuance of the common purpose, or as a natural or probable consequence thereof."
It is inescapable that appellant was constructively present as he served as a lookout *578 in the car outside while Willoughby was taking his turn at ravishing the victim.
Appellant's reliance on Gilday v. State, 168 So.2d 205 (Fla.App. 1964), is unavailing. There the State adduced no evidence that Gilday accompanied his companion Allen to the robbery victim's apartment for the purpose and intent to commit any crime at all. Hence, there was no basis in Gilday for invoking the "other crime" doctrine of Pope. Gilday accompanied Allen to the victim's apartment to commit "immoral acts", not to commit another crime as in the case at bar. The aider and abettor doctrine thus is not necessarily limited to the specific criminal act actually intended to be committed so long as some criminal intent is shown to have been harbored by the accomplices. Thus, where the crime charged was committed during the commission of the crime planned or intended, the accomplice will be held to answer even though he himself did not commit the act. Here both Davis and Willoughby are shown to have intended the robbery and, so far as Davis is concerned, it is of no exculpating significance that Willoughby was the one who had forcible vaginal intercourse with the victim, whereas he, Davis, had only forcible rectal intercourse.
In applying the aider and abettor doctrine to a rape case, the Alabama Court of Appeals in Gandy v. State, 29 Ala.App. 485, 198 So. 265 (1940), affirmed at 198 So. 267, said at page 266:
"... So, if, being present with or without preconcert, they entered into a common illegal purpose, and one or more of them did the deed of violence, and the others were present, aiding, abetting, encouraging, sanctioning, or giving countenance to the unlawful act, or ready to lend assistance if it should become necessary, and the jury, by the proper measure of proof, find either one of these categories to be true, then if the actor or actors be found guilty, the others are also guilty. .. ."
In State v. Gollihur, 159 Wash. 206, 292 P. 421 (1930), the court rejected the claim that the defendant, one of three men who were cruising around for girls to pick up, did not aid and abet the commission of rape by one of the men who had left the car and followed a girl on foot and then assaulted and raped her. The court there said that by keeping watch while the crime was being perpetrated so as to facilitate the escape of the rapist, the defendant was aiding and abetting the commission of the rape. The court said at page 424 that "he gave encouragement to the girl's assailant by his presence with means for that assailant's escape".
Such was appellant's conduct, at the very least, in the case at bar when he left the victim bound on the bed to be ravished by Willoughby as he waited outside "to facilitate the escape of the rapist".
The remaining point raised by appellant centers on the refusal to give a requested instruction. There is no merit in this contention. Examination of the instruction on the law of aiding and abetting which was given by the court reveals that it was the standard jury instruction modified slightly so as to conform to the facts of this case.
Accordingly, the judgment reviewed herein is affirmed.
WIGGINTON and JOHNSON, JJ., concur.